**Luis RIOS, Plaintiff–Appellant,**

v.

**CITY OF RENO, RPD Officers George Carranza and Oliver Miller, Defendants–Appellees.**

No. 07–16523.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2008.

Filed June 23, 2008.

**526**

Terri Keyser–Cooper, Esq., Law Office of Terry Keyser–Cooper, Reno, NV, for Plaintiff–Appellant.

Jack D. Campbell, Esq., Office of the City Attorney, Reno, NV, for Defendants–Appellees.

Before: SCHROEDER, LEAVY, and WALKER,* Circuit Judges.

### MEMORANDUM **

In this 42 U.S.C. § 1983 action, Luis Rios ("Rios") challenges the denial of his request for a preliminary injunction enjoining the City of Reno and Reno Police Officers Carranza and Miller from detaining, searching, and photographing him based solely on his association with suspected gang members. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we affirm.

We review a district court's denial of a preliminary injunction for abuse of discretion. *Harris v. Bd. of Supervisors,* 366 F.3d 754, 760 (9th Cir.2004). On the rec-

ord before us, the district court did not abuse its discretion in determining that Rios failed to satisfy his burden of demonstrating a likelihood of success on the merits of his claims.

Rios first argues that the Reno Police Department ("RPD")'s General Order should be amended because it is unconstitutionally vague and overbroad in its definition of "gang associate." But Rios lacks standing to assert this claim because the General Order does not regulate his conduct. *See Gospel Missions of Am. v. City of L.A.,* 328 F.3d 548, 552, 555 (9th Cir. 2003); *Forbes v. Napolitano,* 236 F.3d 1009, 1011 (9th Cir.2000). To the extent that the General Order can be construed as regulating *any* conduct, it regulates the conduct of RPD's Gang Unit officers, not civilians like Rios.

Rios also challenges the district court's denial of his request that the city remove his name and photographs from RPD's gang intelligence file. He argues that such relief was warranted because his inclusion in the file causes him to be subjected to unconstitutional searches and seizures by Gang Unit officers. As the district court concluded, Rios failed to establish a likelihood of success on the merits with respect to his allegations of unreasonable searches and seizures. The evidence does not support Rios's claims that (1) RPD officers had repeatedly detained him without reasonable suspicion of criminal activity, in violation of his Fourth Amendment rights, and (2) any such detentions were caused by Rios's inclusion in the gang file.

Finally, Rios claims that the district court improperly denied his request to order RPD to retract its statement to Circus Circus casino security that Rios

---

* The Honorable John M. Walker, Jr., Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

was a known gang member with an extensive criminal history. Rios argues that RPD's actions resulted in the casino's barring him from re-entering on pain of arrest, thereby infringing his right to travel freely within the city and stigmatizing him in violation of the Due Process Clause. But Rios failed to establish that he was deprived of any right, let alone a constitutional right, when the casino issued a trespass warning; the record indicates that Rios had no right to be in the casino in the first place because he had previously been barred from entering Circus Circus.

Accordingly the district court's order denying the preliminary injunction is **AFFIRMED.**

---

* The Honorable James L. Robart United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.